IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY<br>a/s/o JOHN MACHUZICK<br>1504 DOGWOOD DRIVE<br>READING, PA  19609<br><br>**Plaintiff**<br><br>v.<br><br>PENNSYLVANIA–AMERICAN WATER CO.<br>800 W. HERSHEYPARK DRIVE<br>HERSHEY, PA  17033<br><br>**Defendant** | Civil Action No.:<br><br><br><br>**JURY DEMANDED** |

## COMPLAINT

Plaintiff, State Farm Fire & Casualty Company a/s/o John Machuzick (hereinafter "Plaintiff"), by and through undersigned counsel, hereby brings this Complaint demanding judgment against the above-captioned Defendant and, in support thereof, alleges the following:

### PARTIES

1.      Plaintiff is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business located at One State Farm Plaza in Bloomington, Illinois; at all times material hereto, Plaintiff was duly authorized to engage in the business of insurance in the Commonwealth of Pennsylvania.

2.      At all times material hereto, Plaintiff provided insurance to John Machuzick (hereinafter "subrogor") in connection with his residential property located at 1504 Dogwood Drive in Reading, Pennsylvania (hereinafter the "subject property") via a homeowner's policy.

3. In the wake of a sinkhole occurrence described below, as a result of claims made pursuant to said policy (which were duly paid pursuant to the terms and conditions thereof), Plaintiff became subrogated to certain recovery rights and interests of subrogor for monies paid thereon, including the claims giving rise to this action.

4. Defendant Pennsylvania–American Water Company (hereinafter "Defendant") is, upon information and belief, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business located at 800 W. Hershey Park Drive in Hershey, Pennsylvania.

5. At all times material hereto, Defendant was a regulated water and wastewater service provider.

## JURISDICTION AND VENUE

6. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court.

7. Venue is proper in this district based on 28 U.S.C. §1391(b)(2) in that the events giving rise to this claim occurred within this district.

## FACTS

8. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

9. Defendant designed, assembled, tested, inspected, installed, owned, used and/or maintained a certain water main in close proximity to the subject property.

10. On or about August 17, 2016, said water main ruptured and leaked water; the water then eroded the surrounding subsoil, causing at least two sinkholes on subrogor's property.

11. The sinkholes resulted in severe damage to subrogor's real and personal property (as well as additional harms and expenses besides), causing him to vacate the subject property for a period of time while repairs were made and his home was restored to its pre-existing condition; thus, the sinkhole event caused direct and proximate damages to subrogor, as well as other consequential and incidental damages – including clean-up costs, repair costs, and other additional expenses.

12. At all times material hereto, the water main – which was designed, assembled, tested, inspected, used, owned, maintained and/or installed by the Defendant – was not modified, changed, altered or abused by subrogor (or any other members of the public) at the subject property prior to or during its use.

13. As a result of the sinkhole event and consequent damages sustained by subrogor, claims were made on his insurance policy; such claims were then duly paid by Plaintiff.

14. Plaintiff thereby became subrogated to certain recovery rights and interests of subrogor for monies paid thereunder, including all claims giving rise to this action.

## COUNT I – NEGLIGENCE

15. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

16. Defendant owed a duty of reasonable care to subrogor in regard to the design, assembly, testing, ownership, inspection, and installation, *inter alia*, of the water main; Defendant breached said duty.

17. The aforementioned damages were the direct and proximate result of the negligence and carelessness of Defendant – by and through its employees, agents, technicians, and/or subcontractors – more specifically by failing to exercise reasonable care described as follows:

   a. carelessly and negligently designing, assembling, testing, inspecting, maintaining and/or installing a properly functioning water main, which after reasonable and foreseeable use ruptured;

   b. carelessly and negligently designing, assembling, testing, inspecting, maintaining and/or installing the water main when the Defendant knew or should have known that the subsoil was unsafe and unfit to surround the water main, and failing to take protective measures based thereon; and/or

   c. carelessly and negligently failing to design, assemble, test, inspect, maintain and/or install the water main in conformity with applicable regulations, customs and standards when the Defendant placed or observed the water main in such proximity to ill-suited subsoil.

18. As a direct and proximate result of the aforementioned negligence and careless acts and/or omissions of Defendant, subrogor sustained and incurred damages to his real and personal property (as well as additional harms and expenses besides), causing him to vacate the subject property for a period of time while repairs were made and his home was restored to its pre-existing condition; thus, the sinkhole event caused direct and proximate damages to subrogor, as well as other consequential and incidental damages – including clean-up costs, repair costs, and other additional expenses.

19. As a result of the aforementioned sinkhole and damages sustained by subrogor, claims were made on his insurance policy; such claims were then duly paid by Plaintiff.

20. Plaintiff thereby became subrogated to certain recovery rights and interests of subrogor for monies paid thereunder, including all claims giving rise to this action.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $150,000.00, plus interest and delay damages, as well as other such other relief as this Court shall deem appropriate under the circumstances.

                                                   **de LUCA LEVINE LLC**

BY: _____
DANIEL J. de LUCA,
ATTORNEY FOR PLAINTIFF
PA ID No.: 74727
E-Mail: ddeluca@delucalevine.com
Three Valley Square, Suite 220
Blue Bell, PA 19422
Telephone: (215) 383-0166
Fax: (215) 383-0082

Dated: February 1, 2018