## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

**STATE FARM FIRE & CASUALTY COMPANY a/s/o**
**JOHN MACHUZICK**
**1504 DOGWOOD DRIVE**
**READING, PA 19609**

    **Plaintiff**

    v.

**PENNSYLVANIA-AMERICAN WATER CO.**
**800 W. HERSHEYPARK DRIVE**
**HERSHEY, PA 17033**

    **Defendant**

Civil Action No.:

5-18-CV-00432-LS

## ORDER

    **AND NOW**, this _____ day of _____, 2018, upon consideration of Plaintiff's Motion for Voluntary Dismissal Without Prejudice, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**. Plaintiff's Complaint is dismissed, without prejudice.

                                        **BY THE COURT:**

                                                                                 J.

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

**STATE FARM FIRE & CASUALTY COMPANY a/s/o**
**JOHN MACHUZICK**
**1504 DOGWOOD DRIVE**
**READING, PA 19609**

     **Plaintiff**

     v.

**PENNSYLVANIA-AMERICAN WATER CO.**
**800 W. HERSHEYPARK DRIVE**
**HERSHEY, PA 17033**

     **Defendant**

Civil Action No.:

**5-18-CV-00432-LS**

## PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Plaintiff, State Farm Fire & Casualty Company, by and through undersigned counsel, hereby requests that its Complaint be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), and avers as follows in support thereof:

1. Plaintiff is an insurance carrier organized and existing under the laws of the State of Illinois, with a principal place of business located in Illinois; at all times relevant Plaintiff provided insurance to John Machuzick (hereinafter "subrogor") in connection with his residential property located at 1504 Dogwood Drive in Reading, Pennsylvania.

2. On or about August 17, 2016, a water main owned by Defendant Pennsylvania-American Water Co., and located in close proximity to subrogor's said property, ruptured.

3. This caused a sinkhole to form, and resulted in severe damage to subrogor's real and personal property, as well as the imposition of other expenses and hardships besides.

4. Plaintiff commenced this action on February 2, 2018, against Defendant by filing its Complaint in Court; therein it alleged negligence in the design, assembly, testing, ownership, inspection, and installation of the water main, and sought damages in excess of $150,000.00.

5. Defendant filed an answer on or around February 28, 2018.

6. Besides Plaintiff's, the subrogor has claims of his own arising from the same incident.

7. Given the common citizenship of subrogor and Defendant, subrogor's claims must be adjudicated in Pennsylvania state court (and specifically in the Berks County Court of Common Pleas); that is, joinder of subrogor's claims with Plaintiff's pending case would spoil the currently prevailing diversity jurisdiction.

8. Thus, on or about August 16, 2018, the undersigned's office filed in the Berks County Court of Common Pleas a Writ of Summons in the name of subrogor, through which Plaintiff – along with subrogor – intends to pursue its case consistent with Pa.R.Civ.P. 2002(d).

9. Federal Courts are courts of limited jurisdiction, and must dismiss any action at any time when it becomes apparent that it lacks subject matter jurisdiction. *See e.g.* F.R.C.P. 12(h)(3); *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009).

10. Federal Rule of Civil Procedure 41(a)(2) provides that Plaintiff may request dismissal of its Complaint by court order and further provides that unless otherwise ordered, such dismissal is without prejudice.

11. Plaintiff respectfully requests this Honorable Court dismiss its Complaint without prejudice so it may pursue its claims against Defendant in state court.

12. Dismissal without prejudice will allow Plaintiff and subrogor to pursue the merits of its claims in Berks County.

13. Federal Rule of Civil Procedure 42(a)(1), provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Further, "Rule 41 motions should be allowed unless [the] defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *Hayden v. Westfield Ins. Co.,* 586 F. App'x 835, 842 (3d Cir. 2014).

14. Here, Defendant will suffer no prejudice "other than the mere prospect of a second lawsuit" by this Court's dismissal of Plaintiff's Complaint from this Court.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court dismiss Plaintiff's claim, without prejudice.

          Respectfully submitted,

          **de LUCA LEVINE LLC**

**BY:** _____
      DANIEL J. de LUCA,
      ATTORNEY FOR PLAINTIFF
      PA ID No.: 74727
      E-Mail: ddeluca@delucalevine.com
      Three Valley Square, Suite 220
      Blue Bell, PA 19422
      Telephone: (215) 383-0166
      Fax: (215) 383-0082

Dated: 27 AUG 18

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STATE FARM FIRE & CASUALTY COMPANY a/s/o JOHN MACHUZICK**<br>**1504 DOGWOOD DRIVE**<br>**READING, PA 19609**<br><br>      **Plaintiff**<br><br>      v.<br><br>**PENNSYLVANIA-AMERICAN WATER CO.**<br>**800 W. HERSHEYPARK DRIVE**<br>**HERSHEY, PA 17033**<br><br>      **Defendant** | **Civil Action No.:**<br><br>**5-18-CV-00432-LS** |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR VOLUNTRY DISMISSAL WITHOUT PREJUDICE

Plaintiff, State Farm Fire & Casualty Company, by and through undersigned counsel, hereby requests leave to dismiss its complaint, without prejudice, and in support thereof avers as follows:

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff is an insurance carrier that at all relevant times provided insurance to John Machuzick (hereinafter "subrogor") in connection with his residential property located at 1504 Dogwood Drive in Reading, Pennsylvania.

On or about August 17, 2016, a water main owned by Defendant Pennsylvania-American Water Co., and located in close proximity to subrogor's said property, ruptured. This caused a sinkhole to form, and resulted in severe damage to subrogor's real and personal property, as well as the imposition of other expenses and hardships besides.

Plaintiff commenced this action on February 2, 2018, against Defendant by filing its Complaint in Court; therein it alleged negligence in the design, assembly, testing, ownership,

inspection, and installation of the water main, and sought damages in excess of $150,000.00. Defendant filed an answer on or around February 28, 2018.

Besides Plaintiff's, the subrogor has claims of his own arising from the same incident. Given the common citizenship of subrogor and Defendant, subrogor's claims must be adjudicated in Pennsylvania state court (and specifically in the Berks County Court of Common Pleas); that is, joinder of subrogor's claims with Plaintiff's pending case would spoil the currently prevailing diversity jurisdiction.

Thus, on or about August 16, 2018, the undersigned's office filed in the Berks County Court of Common Pleas a Writ of Summons in the name of subrogor, through which Plaintiff – along with subrogor – intends to pursue its case consistent with Pa.R.Civ.P. 2002(d).

## II. LEGAL ARGUMENT

Federal Courts are courts of limited jurisdiction, and must dismiss any action at any time when it becomes apparent that it lacks subject matter jurisdiction. See e.g. F.R.C.P. 12(h)(3); *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009). Federal Rule of Civil Procedure 41(a)(2) provides that a plaintiff may request dismissal of its Complaint by court order and further provides that unless otherwise ordered, such dismissal is without prejudice. Dismissal without prejudice will allow Plaintiff to pursue the merits of its claims in the Berks County Court of Common Pleas.

Federal Rule of Civil Procedure 42(a)(1), provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Furthermore, "Rule 41 motions should be allowed unless [the] defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 842 (3d Cir. 2014).

In determining the extent of potential prejudice and deciding whether a dismissal under Rule 41(a)(2) should be with prejudice, it is proper to consider: (1) whether the expense of a second litigation would be excessive and duplicative; (2) how much effort and expense has been expended by the defendant in preparing for trial of the current matter; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in filing the motion to dismiss; and (5) whether the attempt at dismissal is designed to evade federal jurisdiction and/or frustrate the purpose of the removal statutes. *Carroll v. E-One, Inc*., No. 15-CV-0562, 2016 WL 4702145, at *2 (E.D. Pa. Sept. 8, 2016).

Here, Defendant will suffer no prejudice "other than the mere prospect of a second lawsuit" by this Court's dismissal of Plaintiff's Complaint from this Court. Discovery had not progressed beyond the early stages of the written phase; accordingly, there is little concern over needless or wasteful duplication. Indeed, Plaintiff is filing this motion at its earliest opportunity after learning that Defendant would not agree to dismissal via stipulation. And here there is no attempt to evade federal jurisdiction or frustration of the purpose of removal statutes. Instead, this dismissal is an attempt to facilitate judicial economy so that the claims of Plaintiff and its subrogor may be brought together in the Court of Common Pleas as required by the federal jurisdiction statutes, as well as to efficiently pursue two parties' interests – i.e. those of Plaintiff and its subrogor – simultaneously.

### III. CONCLUSION

Plaintiff respectfully requests that this Honorable Court dismiss its Complaint without prejudice so it may pursue its claims against Defendant and in conjunction with its insured in the Berks County Court of Common Pleas.

                                              **de LUCA LEVINE LLC**

**BY:** _____
          DANIEL J. de LUCA,
          ATTORNEY FOR PLAINTIFF
          PA ID No.: 74727
          E-Mail: ddeluca@delucalevine.com
          Three Valley Square, Suite 220
          Blue Bell, PA 19422
          Telephone: (215) 383-0166
          Fax: (215) 383-0082

Dated: 27 AUG 18

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STATE FARM FIRE & CASUALTY CO.** <br> **a/s/o JOHN MACHUZICK** <br><br> **Plaintiff** <br> v. <br><br> **PENNSYLVANIA–AMERICAN WATER CO.** <br><br> **Defendant** | NO. 5:18-CV-00432-LS |

## CERTIFICATE OF SERVICE

I, Daniel J. de Luca, hereby certify that a true and correct copy of Plaintiff's Motion to Dismiss was served on August 27, 2018, upon counsel of record by ECF filing.

                                                **de LUCA LEVINE**

By:   /s/ Daniel J. de Luca\_\_\_\_
        Daniel J. de Luca, Esquire
        Attorneys for Plaintiff
        Three Valley Square, Suite 220
        Blue Bell, PA 19422
        215-383-0166
        ddeluca@delucalevine.com